UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH DA'VON REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV149 JCH |
| | ) | |
| HARRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). After reviewing the complaint, the Court finds that it should be partially dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against several officials at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). He alleges that defendant Ronald Helms slammed his head into a wall while he was applying restraints. He also alleges that Helms forced him to the floor and punched him several times. He says that defendant James Rogers helped Helms hold him down during the use of force. And he claims that defendant Unknown Byington was present at the scene and did not protect him. Plaintiff claims that he was not disobeying orders when he was assaulted.

Plaintiff states that defendant Rachael Roessler, who is a nurse, cleaned his injuries and took a blood sample. He says she did not, however, treat his lacerations or assess his head injury. He also claims that she did not record his injuries in his medical records. Her records indicated that he had no injuries and refused to cooperate.

Plaintiff seeks to hold defendant Harry Russell liable because he was the Warden at ERDCC at that time.

## Discussion

The complaint states a plausible claim against defendants Helms, Rogers, and Byington in their individual capacities for excessive force and failure to protect. The Court also finds that plaintiff's deliberate indifference claim against Roessler should not be dismissed at this time. As a result, the Court will order the Clerk to serve these defendants with process.

Plaintiff's official-capacity claims against defendants are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Therefore, the official-capacity claims are dismissed.

Finally, the complaint fails to state a claim against Russell. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Ronald Helms, Unknown Byington (Correctional Officer), and James Rodgers in accordance with the Court's agreement with the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Rachel Roessler in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendant Harry Russell is **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this ___7th___ day of April, 2016.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE