UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH DA'VON REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-149 JCH |
| | ) | |
| HARRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

Defendants Earl Byington, Ronald Helms, and James Rodgers move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Rachael Roessler separately moves for summary judgment under Rule 56. After reviewing the motions and all other relevant matters, the Court finds that plaintiff's claims against defendants Byington and Roessler should be dismissed.

### **The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Defendants Byington, Helms, and Rodgers are correctional officers at the Eastern Reception Diagnostic and Correctional Center. Roessler is a nurse there, and she works for Corizon, Inc.

Plaintiff alleges that while defendants Rodgers and Helms were applying wrist restraints to him, he asked them why he was "being cuffed up." He says that Helms then slammed his head into the concrete wall and that Rodgers punched him several times. He also says he was kneed in the back of the neck several times. Plaintiff claims that Byington "responded." He asserts that Helms resumed punching him while Rodgers held him down. He says that after the wrist restraints were applied, he was taken to the medical unit.

Plaintiff claims that Roessler assessed his injuries. He says she wrote in the medical records that he had no injuries and that he refused to cooperate, which he claims is not true. He maintains that he had "multiple injuries, including deep cuts in [his] mouth, upon [his] face, bruises and head injuries . . ."

1. *Motion to Dismiss*

Byington, Helms, and Rodgers argue that the complaint fails to state a claim upon which relief can be granted. They claim that plaintiff has failed to allege Byington's personal involvement, that there are not sufficient factual allegations to support a claim that defendants failed to protect him, that plaintiff has not alleged facts establishing their deliberate indifference to his serious medical needs, that plaintiff failed to assert § 1983 constitutional violations because plaintiff's injuries were *de minimis*, and that they are entitled to qualified immunity.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's only assertion with regard to Byington is that he "responded." This is insufficient to show that Byington was directly involved in the alleged violations of plaintiff's rights. So, defendant Byington is dismissed.

Plaintiff's allegations against Helms and Rogers do not state a failure-to-protect claim. Instead, his allegations against them tend to show that they used excessive force. Therefore, plaintiff's failure-to-protect claims are dismissed.

2

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff does not allege that defendants disregarded his medical needs. Rather, he says he was taken to the medical unit immediately after the alleged assault. As a result, plaintiff's medical mistreatment claims are dismissed.

"'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* There is no "significant injury" requirement, because "[o]therwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 9; *see Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (assault allegedly leaving plaintiff "with a bruised heel, back pain, and other injuries requiring medical treatment" sufficient to state Eighth Amendment claim.). Defendants' argument that plaintiff's injuries were no more than *de minimis* is incorrect. Plaintiff's allegations are comparable to the alleged injuries in *Wilkins*. Therefore, the Court finds that plaintiff has stated a plausible claim for excessive use of force against Helms and Rodgers.

Defendants argue that they are entitled to qualified immunity because plaintiff has failed to demonstrate a constitutional violation. Defendants state, "The facts alleged show no more than that Defendants were acting to suppress a non-compliant prisoner."

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004)). The Court has found that plaintiff has stated a plausible claim for excessive force in violation of the Eighth Amendment. Therefore, defendants' argument fails. Additionally, plaintiff's right to be free from excessive force is clearly established. Consequently, the Court finds that defendants are not entitled to qualified immunity at this stage of the proceedings.

2. *Summary Judgment*

Roessler moves for summary judgment on the basis that plaintiff did not exhaust his administrative remedies with regard to his claim against her. She has attached the affidavit of Shanta Morgan, who is responsible for the offender medical grievance process at the Eastern Reception Diagnostic and Correctional Center. Morgan avers that there are no records of a grievance filed by plaintiff against Roessler regarding the allegations in the complaint. Movant did not file a response to the motion.

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). In opposing summary judgment, a plaintiff may not "simply point to allegations" in the complaint, *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004), or "rest on the hope of discrediting the movant's evidence at trial," *In re Citizens Loan & Sav. Co.*, 621 F.2d 911, 913 (8th Cir. 1980), "but must identify and provide evidence of 'specific facts creating a triable controversy.'" *Howard*, 363 F.3d at 800 (quoting *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1085 (8th Cir. 1999)).

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under § 1983 "until such administrative remedies as are available are exhausted." "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance.'" *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)).

Because plaintiff has not come forward with any evidence that he exhausted his administrative remedies with regard to Roessler, defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Byington, Helms, and Rodgers's motion to dismiss [ECF No. 20] is **GRANTED** in part and **DENIED** in part. Defendant Byington is **DISMISSED** from this action. Plaintiff's medical mistreatment and failure-to-protect-claims are **DISMISSED**. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Roessler's motion for summary judgment [ECF No. 27] is **GRANTED**, and Roessler is **DISMISSED** from this action.

An Order of Partial Dismissal will be filed separately.

Dated this   10th   day of August, 2016.

              \s\  Jean C. Hamilton
              UNITED STATES DISTRICT JUDGE